IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOADIN TECHNOLOGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| GANNETT CO., INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Boadin Technology, LLC ("Boadin"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Boadin is a Delaware limited liability company with a place of business located at 113 Barksdale Professional Center, Newark, Delaware 19711.

2. Defendant Gannett Co., Inc. ("Gannett") is a Delaware company with, upon information and belief, a place of business at 7950 Jones Branch Drive McLean, Virginia 22107.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Gannett conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

6. Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

7. On May 22, 2012, United States Patent No. 8,185,096 (the "'096 patent"), entitled "Systems And Methods For Multi-Modal Mobile Media Services," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '096 patent is attached hereto as Exhibit A.

8. On July 17, 2012, United States Patent No. 8,224,298 (the "'298 patent"), entitled "Systems and Methods for Mobile Media Services Utilizing A Short Form Command Structure," was duly and lawfully issued by the USPTO. A true and correct copy of the '298 patent is attached hereto as Exhibit B.

9. Boadin is the assignee and owner of the right, title and interest in and to the '096 and '298 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,185,096

10. Boadin repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Gannett has infringed and continues to infringe one or more claims of the '096 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the website

www.usatoday.com and digital services associated therewith (collectively, the "Gannett Products"), that embody the subject matter claimed in the '096 patent.

12. Boadin is entitled to recover from Gannett the damages sustained by Boadin as a result of Gannett's infringement of the '096 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,224,298

13. Boadin repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Gannett has infringed and continues to infringe one or more claims of the '298 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation the Gannett Products, that embody the subject matter claimed in the '298 patent.

15. Boadin is entitled to recover from Gannett the damages sustained by Boadin as a result of Gannett's infringement of the '298 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Boadin hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Boadin requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Gannett has infringed the '096 patent;

B. An adjudication that Gannett has infringed the '298 patent;

C. An award of damages to be paid by Gannett adequate to compensate Boadin for Gannett's past infringement of the '096 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs and expenses as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. An award of damages to be paid by Gannett adequate to compensate Boadin for Gannett's past infringement of the '298 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs and expenses as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Boadin's reasonable attorneys' fees; and

F. An award to Boadin of such further relief at law or in equity as the Court deems just and proper.

Dated: July 17, 2012                              STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
   stamoulis@swdelaw.com
Richard C. Weinblatt #5080
   weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Boadin Technology, LLC*